**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward CALLE–VILLAREAL, also known as Edward Calle, also known as Edward Alfonso Calle, Defendant–Appellant.**

No. 05–21041.

United States Court of Appeals, Fifth Circuit.

Aug. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Edward Calle–Villareal appeals following his guilty plea to a charge of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Calle–Villareal argues that the district court erred by characterizing his state felony conviction for simple possession of cocaine as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Calle–Villareal's argument is unavailing in light of circuit precedent. *See United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Calle–Villareal argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999).

Calle–Villareal also challenges for the first time on appeal the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Calle–Villareal's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Calle–Villareal contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Calle–Villareal properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.